IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Aarronn Adair,**<br>c/o Hrabcak & Company, L.P.A.<br>67 East Wilson Bridge Road, Suite 100<br>Worthington, OH  43085<br><br>      Plaintiff(s),<br><br>v.<br><br>**Citibank, N.A.,**<br>500 S. Corporate Pl.<br>Sioux Falls, SD 57108<br><br>      Defendant(s). | Case No. 2:22-cv-3850<br><br>District Judge<br><br>Magistrate Judge<br><br>**JURY DEMAND ENDORSED HEREON** |

**COMPLAINT**

The following allegations are based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief.  Plaintiff, through counsel, alleges as follows:

**I.    JURISDICTION AND VENUE**

1.  The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1367.

2.  This Court has personal jurisdiction over Defendant because Defendant regularly transacts business in this District.

3.  Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4.  Many of Defendant's acts described herein arose and occurred in this district.

**II.    PARTIES**

5.  Plaintiff Aarronn Adair is an individual currently residing in Franklin County, Ohio.

6.  At all relevant times, Plaintiff Adair was and is a consumer within the meaning of TILA, 15 U.S.C. § 1602(i).

7. Defendant Citibank, N.A. ("Citibank") is a nationally chartered bank with its headquarters in Sioux Falls, South Dakota.

8. Defendant Citibank regularly extends consumer credit which is payable by agreement in four or more installments, or for which the payment of a finance charge is or may be required, and thus is a creditor within the meaning of TILA, 15 U.S.C. 1602(g).

## III.  FACTUAL ALLEGATIONS

9. Plaintiff Adair had a credit card account with Defendant Citibank ending in 1952 ("his/the Account").

10. On or about April 2, 2022, Plaintiff Adair made a purchase of a pack of candy bars for $5.00 from an unidentified person holding a fundraiser outside of total Veterinary Care in Grove City, Ohio.

11.  Plaintiff Adair used the card associated with the Account for the purchase.

12. The unidentified person ran the card through a "Square" brand card reader attached to a mobile device.

13. The unidentified person did not provide Plaintiff Adair a receipt.

14. After the purchase, Plaintiff Adair discovered a charge of $3,678.68 by "SQ *Rim Ruckers" had appeared on the Account.

15. Plaintiff Adair neither agreed to nor expected such a substantial charge.

16. Plaintiff Adair timely contacted Defendant Citibank to dispute the charge of $3,678.68.

17. On or about May 28, 2022, Defendant Citibank sent a letter to Plaintiff Adair concerning the charge.

18. Defendant Citibank stated it was unable to assist Plaintiff Adair with the dispute as the documentation he provided did not show he was overbilled.

19. Defendant Citibank advised Plaintiff Adair he needed to provide a copy of the sales receipt.

20. Defendant Citibank advised Plaintiff Adair that it had rebilled the charge to the Account along with all related fees and interest.

21. Plaintiff Adair continued to dispute the charge with Citibank and contacted the Consumer Financial Protection Bureau (Case #220602-8815813) regarding the matter.

22. On June 16, 2022, Defendant Citibank reiterated to Plaintiff Adair that the provisional credit had been reversed on May 7, 2022.

23. Plaintiff Adair continued to dispute the charge with Citibank.

24. On September 23, 2022, Defendant Citibank informed Plaintiff Adair that they had received Plaintiff Adair's information regarding the disputed charge and forwarded that information to their Security Department for further review.

25. Defendant Citibank promised to contact Plaintiff Adair if additional information was needed, but never did.

26. Plaintiff Adair never received the product(s) associated with the $3,678.68 charge on the Account.

27. Accordingly, the $3,678.68 charge on the Account constituted an unauthorized charge.

28. Accordingly, the $3,678.68 charge on the Account constituted a billing error.

29. Accordingly, Plaintiff Adair brings the following claims for relief against Defendant Citibank.

**Count One – Violation of the Truth in Lending Act**

30. Plaintiff Adair incorporates all other paragraphs in this pleading by reference as though fully written here.

31. Defendant Citibank failed to conduct a reasonable investigation of the $3,678.68 charge on the Account.

32. Defendant Citibank failed to correct the $3,678.68 charge on the Account.

33. Instead, Defendant Citibank continues to ask Plaintiff Adair to pay for the $3,678.68 charge on the Account.

34. The charge on the Account was an "unauthorized use" as it was not made by a person who had actual, implied, or apparent authority for such use.

35. Plaintiff Adair received no benefit from the unauthorized use.

**Count Two – Declaratory Judgment**

36. Plaintiff Adair incorporates all other paragraphs in this pleading by reference as though fully written here.

37. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2201.

38. A real or actual controversy exists between the parties which is justiciable in nature.

39. A real or actual controversy exists regarding the aforementioned which could be terminated with finality by the issuance of a declaration of the parties' rights by this Court.

40. Speedy relief is necessary in order for the preservation of rights, specifically Plaintiff Adair's purported liability for the billing error on the Account.

41. Accordingly, Plaintiff Adair requests a declaration that he is not liable for charge or billing error, or if he is, that his liability is limited to $50.00.

**Count Three – Breach of Contract**

42. Plaintiff Adair incorporates all other paragraphs in this pleading by reference as though fully written here.

43. The Account is governed by a cardholder agreement, to which Plaintiff Adair and Defendant Citibank are parties, which constitutes a valid contract.

44. Plaintiff Adair does not currently possess a copy of the agreement to attach hereto.

45. Plaintiff Adair performed his obligations under the contract, including conditions precedent.

46. Defendant Citibank did not act in good faith while performing under the contract.

47. Defendant Citibank did not perform its obligations under the contract.

## Prayer for Relief

WHEREFORE, Plaintiff Adair respectfully requests the Court award him:

A. Maximum actual, economic, emotional, non-economic, direct, consequential, and special damages;

B. Twice the amount of any finance charge in connection with the transaction;

C. Statutory damages of at least $500.00, up to $5,000.00;

D. Costs of this action;

E. Attorney fees;

F. Pre-judgment and post-judgment interest;

G. A declaration that he is not liable for the subject charge on the Account, or, if he is, that his liability is limited to $50.00; and

H. Such other relief as the Court deems proper.

Respectfully Submitted,

*/s/ Gregory A. Wetzel*
Michael Hrabcak (0055716) (Trial Counsel)
Gregory A. Wetzel (0082631)
**HRABCAK & COMPANY, L.P.A.**
67 East Wilson Bridge Road
Suite 100
Worthington, OH 43085
(614) 781-1400        Phone
(614) 781-1171        Fax
mike@hrabcaklaw.com
gwetzel@hrabcaklaw.com
*Attorney(s) for Plaintiff*

**JURY TRIAL DEMANDED**

Plaintiff requests a jury trial on all triable issues.

*/s/ Gregory A. Wetzel*
Gregory A. Wetzel (0082631)